## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

March 17, 2008

James E. Cecchi, Esq.
Carella, Byrne, Bain, Gilfillan,
Cecchi, Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, NJ 07068

Kim E. Miller, Esq.
Kahn, Gauthier, Swick, LLC
12 East 41st Street, 12th Floor
New York, NY 10017

John E. Keefe, Jr., Esq.
Keefe Bartels
830 Broad Street
Suite 1
Shrewsbury, NJ 07702-4216

James M. Altieri, Esq.
Drinker, Biddle & Reath, LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Jeffrey J. Greenbaum, Esq.
Sills, Cummis, Epstein & Gross, P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400

## LETTER ORDER

Re:  In Re: Virgin Mobile USA IPO Litigation
     Civil Action No. 07-5619 (SDW)

Dear Counsel:

Before me are the competing motions of movants for appointment of lead plaintiff and appointment of lead counsel for the class. No oral argument was heard pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, this Court is satisfied that the Volpe Group should be appointed as lead plaintiff and the Volpe Group's law firms of Kahn, Gauthier, Swick, LLC ("Kahn Firm") and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C. ("Carella Firm") as co-lead counsel for the class.

**Background**

This is a securities class action brought on behalf of the purchases of the common stock of Virgin Mobile pursuant to the Securities Act of 1933. The plaintiff alleges that, in connection with the company's public offering, the defendant failed to disclose material information that resulted in the decline in the market value of the company's securities. As a result, it is alleged that plaintiff and other class members have suffered significant losses and damages.

Pending before the Court are two motions seeking appointment of lead plaintiffs: (1) the Volpe Group and (2) Esperanza Reynolds and Reza Zarr ("Reynolds-Zarr"). Movants do not dispute that the Volpe Group suffered $215,124.67 in losses as a result of its members' purchases of Virgin Mobile common stock. By contrast, Reynolds-Zarr collectively suffered losses of only $21,570, approximately 10% of the Volpe Group's total losses and smaller than the losses of any individual member of the Volpe Group. Notably, Reynolds-Zarr do not challenge that the Volpe Group suffered the greatest loss nor do they challenge the adequacy of them as the lead plaintiffs.

**Analysis**

1.  The Volpe Group Is The Most Adequate Plaintiff

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant who has the largest financial interest in the relief sought by the action. The Third Circuit has made clear that "the largest financial interest" means the largest loss. In re Cendent Corp. Litig., 264 F.3d 201, 223 (3d Cir. 2001).

Here, the Volpe Group has losses of $215,124.67 and, therefore, the "largest financial interest" in the relief sought by the class among those seeking appointment of lead counsel. By contrast, Reynolds-Zarr claim losses of only $21,570. It is also undisputed that each of the five members of the Volpe Group individually suffered greater losses collectively than the total of Reynolds-Zarr. Therefore, this Court is satisfied that the Volpe Group should be appointed lead plaintiff.

2.  The Volpe Group Satisfies The Requirement of Rule 23

The Third Circuit has made clear that in the context of a motion seeking appointment as lead plaintiff, the court should examine whether a lead plaintiff satisfies the typicality and adequacy prongs of Rule 23. In re Cendent Corp. Litig., 264 F.3d at 263-264. Typicality is determined by considering whether the claims arise from the same course of conduct to give rise to the claims of the other class members. Here, the Volpe Group purchased Virgin Mobile stock pursuant or traceable to the company's Initial Public Offering. The Volpe Groups' claims are typical of the class.

The Court is also satisfied that the Volpe Group has demonstrated that it will be an adequate lead plaintiff. Adequacy is demonstrated where the proposed lead plaintiff "has the ability and incentive to represent the claims of the class vigorously,...has obtained adequate counsel," and has

demonstrated that no conflict exists between its claims and those raised on behalf of the class. In re Able Labs. Sec. Litig., 425 F. Supp.2d 562, 567 (D.N.J. 2006). Here, the Volpe Group's interests are identical to other class members. In addition, the Volpe Group has selected experienced counsel who are prepared to serve the best interests of the class. Accordingly, the Volpe Group satisfies the requirements of Rule 23.

3.   The Court Is Satisfied That Volpe Group's Choice of Lead Counsel Is Appropriate

Plaintiff is vested with authority to retain counsel to represent the class subject to the Court's approval. 15 U.S.C. §77z-1(a)(3)(B)(v). Here, the Volpe Group has selected the Khan Firm and the Carella Firm as proposed co-lead counsel for plaintiff. As the Declaration of James Cecchi makes clear, and which is not challenged on this motion, these firms have prosecuted complex security actions successfully in the past. No one has opposed the appointment of the Khan Firm or the Carella Firm as lead. This Court is satisfied that the lead plaintiff will be ably represented by these two firms.

**Conclusion**

For the reasons set forth above, the Volpe Group is appointed as lead plaintiff and the Carella Firm and the Khan Firm are appointed as co-lead counsel for the plaintiff.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:   Clerk
      Hon. Susan D. Wigenton, U.S.D.J.
      File