|                                   |   |                                    |
|-----------------------------------|---|------------------------------------|
| IN RE: VIRGIN MOBILE USA IPO LITIGATION, | : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|                                   | : | Hon. Susan D. Wigenton              |
|                                   | : | Civil Action No. 07-5619 (SDW)      |
|                                   | : | **PRETRIAL SCHEDULING ORDER**       |

**THIS MATTER** having come before the Court for a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on June 23, 2009; James E. Cecchi, Esq. and Kim Miller, Esq., appearing on behalf of Plaintiffs; Jeffrey M. Beyer, Esq., James Gamble, Esq. and Hirol Mehta, Esq.., appearing on behalf of the Defendant Virgin Mobile USA, Corvina Holdings and individuals; Sally Mulligan, Esq., Bronson Bigelow, Esq. and Robert Mileletto, Esq., appearing on behalf of Defendants Douglas B. Lynn and Sprint Nextel Corp.; Jeffrey J. Greenbaum, Esq., Susan Saltzstein, Esq. and William J. O'Brien, Esq., appearing on behalf of underwriter defendants; S; and for good cause shown:

**IT IS** on this 24th day of June, 2009,

**ORDERED THAT:**

### I. DISCOVERY AND MOTION PRACTICE

1. Fact class discovery is to remain open through **March 1, 2010**. After class certification motions are decided, the Court will reopen discovery to finish any outstanding discovery which the parties mutually agree to hold in abeyance. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. Any motion to amend pleadings as to class action must be filed not later than **December 31, 2009**.

3. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

4.     Any discovery dispute shall be brought to the Court's attention in the first instance by letter e-filed, a copy to Chambers, immediately after the parties' good faith attempt to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).

5.     Other than as set forth in paragraph 6, no motions shall be filed without leave of Court.  If a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed.

6.     Dispositive motions shall not be filed until thirty (30) days after the close of Discovery.  Failure to file dispositive motions within that time frame shall result in their dismissal as untimely.

## II. EXPERTS

7.     All affirmative class expert reports shall be delivered by **April 1, 2010**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.  See Fed. R. Civ. P. 26(b) (4) (A).  Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

8.     All responding class expert reports shall be delivered by **June 1, 2010,** with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.  Any such report shall be in the form and content as described above.

9.     No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## III. FINAL PRETRIAL CONFERENCE

10.    A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

11.    Pursuant Judge Wigenton's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

12.    All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference.  Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

13.    With respect to non-jury trials, each party shall submit to the District Judge and to

opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

14. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

## IV. MISCELLANEOUS

15. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **July 15, 2009**.

16. The parties may serve interrogatories limited to twenty five (25) single questions and requests for production of documents on or before **January 15, 2010**, to be responded to **within thirty (30) days of receipt**.

17. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

18. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

19. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.

20. There shall be a telephone status conference before the undersigned on **October 6, 2009 at 12:00 noon.** Plaintiff's counsel will initiate the telephone conference.

21. **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

       *s/Madeline Cox Arleo*
       **MADELINE COX ARLEO**
       **United States Magistrate Judge**

Original:   Clerk of the Court
cc:         All Parties
           Deputy Clerk
           File

**RIDER ON LENGTH OF BRIEFS**

      The attention of the parties is directed to L. Civ. R. 7.2(b), as amended by Order filed September 3, 1991.  Briefs "shall not exceed 40 <u>ordinary</u> typed pages***" (emphasis added).  This page limitation shall be <u>strictly enforced</u>.

      When submitting a brief in accordance with General Rule 27B, a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument.  This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

      The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's General Rule 27B brief and letter.

      The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.