# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
LINDSEY H. TAYLOR

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
DAVID J. REICH

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
MARC D. MICELI
RAYMOND E. STAUFFER°
JACOB A. KUBERT
STANLEY J. YELLIN
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD A. ECKLUND
VINCENZO M. MOGAVERO
°MEMBER N.Y. BAR ONLY

November 2, 2009

*Via ECF and Hand Delivery*

Honorable Madeline Cox Arleo
Courtroom MLK 2A
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: *In re Virgin Mobile USA IPO Litig.*
    Civ. No. 07-5619 (D.N.J.)

Dear Judge Arleo:

  We are Co-Lead Counsel for Lead Plaintiffs in the above-referenced action and write to seek a conference with the Court regarding certain discovery issues with Virgin Mobile, Corvina, and the Individual Defendants ("Defendants") discussed herein.

**Names and Address of Terminated Employees**

  At the October 6, 2009 Status Conference ("Status Conference"), the Court ordered that Virgin Mobile produce the names, titles, and contact information for the Virgin Mobile employees terminated during the relevant time period. Defendants agreed to do so "within two weeks" – or by October 20, 2009. Transcript of 10/6/2009 Status Conference ("Transcript") 20:2-4.

  On October 16, 2009, Defendants provided a list of approximately 120 terminated employees and the city and state of the employee. Unfortunately, Defendants failed to provide the employees' last known addresses, titles, or phone numbers. As of today, almost two weeks after the October 20 deadline, Plaintiffs still have none of the missing information and their efforts to investigate this case have been hampered by Defendants' failure to provide it. Without the titles, Plaintiffs are not even able to pinpoint the

persons most likely to have relevant information. Without the addresses and phone numbers, we are wasting time and money trying to track down these individuals while Defendants needlessly stall and delay despite having the information in hand.

On October 21, 2009, the parties held a meet and confer call. On that call, Defendants expressed that the client would be "uncomfortable" producing phone numbers because it "makes everyone really nervous" and that they would need to confer with the client. Defendants stated that they thought Plaintiffs could just as easily locate the fired employees on the internet but noted that Defendants were "not inclined" to go to Court over it. Plaintiffs vigorously disagreed that they could just as easily locate the fired employees. As a courtesy, Plaintiffs offered to attempt to locate a couple former employees with the goal that the information regarding the difficulty of such a process would assist Defendants in addressing the issue with their clients. Defendants agreed this would be helpful.

That same afternoon and the following day, October 22, 2009, three plaintiffs' attorneys attempted to locate the phone numbers for ten terminated employees. After exhausting their research options, they were able to locate unconfirmed phone numbers for five of the ten terminated employees.[1] After Plaintiffs reported this information to Defendants, Defendants responded in an October 28 letter that names, cities and states, and titles constituted "all that was required by the Court's October 6, 2009 Order." They added that they would provide titles "as soon as possible" and would also provide last-known street addresses despite their view that the Court had not ordered them to do so. Defendants refused to provide phone numbers.

Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(i) states that parties must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Indeed, the Court noted at the October 6 hearing:

> The bottom line is given the allegations in the complaint, I'm satisfied that it's relevant under Rule 26, and it is not burdensome, and it is not privileged at -- certainly your briefs point to no cases and **I'm not aware of any that would say basic identifying information -- last-known address, phone number, and name of former employees is not [sic] privileged.** So unless there's anything you want to add, I'm inclined to order that information.

Transcript 17:15-22 (Emphasis Added).

In light of the foregoing, Plaintiffs respectfully request that the Court order Defendants to provide without further delay the titles, last known street addresses, and last known phone numbers -- including both home and cell phone numbers -- for the terminated employees.

---

[1] Plaintiffs later provided a list of 13 terminated employees to a private investigator. After approximately six hours of work at $180 dollars an hour, the investigator was able to locate unconfirmed telephone numbers for nine employees, but was unable to locate any contact information for the remaining four.

Honorable Madeline Cox Arleo 3
November 2, 2009

**Custodians**

At the time of the Status Conference, Defendants had provided a list of 18 document custodians, but had not yet produced any organizational chart or similar information that would assist Plaintiffs in evaluating the sufficiency of the custodian list. Pursuant to the Court's order at the Status Conference, Defendants provided 27 pages of organizational charts.

Upon receipt of these charts, Plaintiffs identified numerous employees who would seem, by their titles, to have pertinent information. For example, the Complaint includes allegations regarding undisclosed layoffs and marketing employee cuts, but Defendants' list of custodians did not contain even a single employee with "human resources" or "HR" in the title. The Complaint also includes allegations regarding customer growth, churn, revenue, and whether the Company had information regarding its current results at the time it filed its Prospectus. However, Defendants' list of custodians included no employees in churn forecasting, revenue metrics, or customer acquisition forecasting.

On October 20, Plaintiffs sent Defendants a letter suggesting 43 potential additional custodians based on the information at hand, and requesting that Defendants select two additional employees to serve as custodians from each of five departments. On the October 21 call, Defendants expressed that this number was overly burdensome and that many, if not all, of the employees were unlikely to have relevant information. Defendants asked that Plaintiffs pick "some small number" of the "most crucial" custodians. Plaintiffs made clear that while they understood their proposed list may include some custodians who could be culled, Plaintiffs simply did not have sufficient information to distinguish among employees to narrow the list without further assistance from Defendants. Plaintiffs also expressed concern over Defendants' ongoing approach to custodians and organizational charts. Specifically, on the meet and confer calls prior to the Status Conference, Defendants made inconsistent statements regarding the status and existence of such an organizational chart.

Defendants then offered to go over Plaintiffs' proposed custodians with the client so that Defendants could provide explanations as to why some or all of the potential custodians were not in a position to have discoverable information. Defendants stated that this project would take a bit of time, and that they would not be able to discuss the results until towards the end of the week of October 26. Plaintiffs agreed to this approach.

On October 31, the parties had a meet and confer call regarding custodians. The call was generally unproductive. Defendants had not had any significant talks with their clients and, although they had access to greater information than Plaintiffs, they too based their analysis of the custodians on the proposed list by their titles alone. Defendants' main positions on that call included that: 1) no employees in forecasting (*e.g.* demand forecasting, churn forecasting, customer acquisitions and forecasting) should be included because forecasting is not tied to the allegations in the Complaint; 2) analysts should not

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
A PROFESSIONAL CORPORATION

Honorable Madeline Cox Arleo                                                                                                4
November 2, 2009

be included because they are just "number crunchers" who do the math for other people; and 3) Plaintiffs' requests that Defendants go deeper into the Company's structure were unmerited because they claimed that any document that a mid-level employee would have created or received would also be in the possession of the officer or vice president of that employee's division. During the call, there were only two employees that Plaintiffs were able to exclude based on information provided by Defendants.

Plaintiffs respectfully request that the Court order Defendants to add the additional custodians requested by Plaintiffs, attached to this letter as Exhibit A. Should Defendants object to the addition of any of these custodians, Plaintiffs request the Court order Defendants to identify promptly any proposed custodians who they believe are not appropriate to add, to support their objections, and to provide the relevant information supporting their position, including but not limited to the person's job responsibilities, so that a resolution can be reached before the Court.

**Search Terms**

With regard to search terms, while significant progress has been made, there are approximately 20 terms about which there is not yet complete agreement among the parties. While we are hopeful that a resolution can be reached shortly, in the event that this issue is not fully resolved by the time of the conference, Plaintiffs request that the Court resolve any final disagreements on this issue at that time.

                                                          Respectfully Submitted,

                                                          /s/ *JAMES E. CECCHI*

                                                          James Cecchi


cc:      All Counsel *via* CM/ECF

# EXHIBIT A

**EXHIBIT A – PROPOSED CUSTODIANS**

    Alho, Steven – Manager, Competitive Analysis
    Boehm, Grace – Director, Retention Programs
    Chauvette, Mark - VP, Finance
    Choudhry, Anita – Market Research
    Clappis, Wendy - Director, Human Resources
    Coady, Jeanne - Manager, Forecasting
    DeJesus, Ariel - Director, National Sales
    DenBleyker, Pamela – Project Manager
    Forastiero, Diane - Manager, Internal Reporting
    Freeman, Lisa - Director, Internal Communications
    Gaddy, Vicki - Director, Human Resources
    Galbraith, Jana - Directors HR & Recruiting
    General, John - Director, Internal Audit
    Georges, Antoine - Customer Analytics
    Kearns, Christy - Analyst, Accounts Payable
    Kelliher, Scott - Director, Mobile Advertising
    Kim, Wesley – Manager, Direct Channel Marketing
    Kramer, Kris – Directors, Strategy & Planning
    Lurie, Roger – Director, National Sales
    Mattei, Christina - Manager, Internal Reporting
    McCarron, Dan - Director, Churn Forecasting
    McGlynn, Nicole – Manager, Marketing Communications
    McQuaid, Elizabeth – Director, Advertising
    Monges, Matias - Directors of Marketing, Handset
    Morrison, Geraldine – Director, Retail Channel Marketing
    Myers, Kimberley - HR Analyst
    O'Leary, Laura - Executive Assistant to Daniel Schulman
    Raphel, Eleanor - Sr. Analyst, Marketing
    Reilly, Bill - Director, Demand Forecasting
    Reinhard, Kyle - Director, Customer Acquisition and Forecasting
    Ricciardi, Vera - VP, Planning & Budgets
    Schwartz, Stacy - Director, Direct & Online Marketing
    Shafique, Irshad – Director, Analytics Planning
    Sherman, Steve – Director, Market Research
    Suggs-Maple, Renee - Analyst, Billing & Collections
    Swittenberg, Lamont – VP, Advertising, Promotions & Planning
    Taylor, Denise - Manager, Billing & Collections
    Tian, Xuedong - Manager, Churn Forecasting
    Ubois, Georgeanna - Director, Finance
    Vagelos, Ted - VP, Customer Mgmt & Communication
    Weiner, Thomas - Director, National Sales

    In addition to the foregoing, Plaintiffs would like Defendants to select two additional employees to serve as custodians from each of the following departments:

Financial Operations (*see* VMU-012889), Planning & Budgets (*see* VMU-012893), Brand and International Marketing (*see* VMU-012896), Forecasting (*see* VMU-012903), Sales (*see* VMU-012904), and Customer Care ((*see* VMU-012912).