UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VIRGIN MOBILE USA IPO LITIGATION | Civil Action No. 07- 5619 (SDW)<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PENDENCY |

WHEREAS, a putative class action is pending before the Court entitled *In re Virgin Mobile USA IPO Securities Litigation,* Case No. 07-cv-5619 (SDW), and whereas certain other actions were transferred to the Court and consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation on April 7, 2008, including but not limited to three actions that were filed in the United States District Court for the Southern District of New York: *Ellen Brodsky v. Virgin Mobile USA, Inc., et al.,* 07-cv-10589-TPG (filed November 26, 2007); *Roger Joseph, Jr. v. Virgin Mobile USA, Inc., et al.,* 07-cv-11060-UA (filed December 6, 2007); and, *2 West, Inc. v. Virgin Mobile USA, Inc., et al.,* 07-cv-11625-TPG (filed December 28, 2007) (collectively, the "Action");

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated July 23, 2010, including documents executed pursuant thereto and Exhibits (the "Stipulation"), which has been entered into by the Court-appointed Lead Plaintiffs and Defendants; and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and,

1

WHEREAS, the Settling Parties having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement in accordance with the Stipulation which, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto:

IT IS THIS ___19th___ day of August 2010 ORDERED as follows:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement, subject to further consideration at the Settlement Fairness Hearing described below.

2. The Court preliminarily certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a settlement class consisting of all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive, and all Persons (including, as to all such Persons, their beneficiaries) who purchased or otherwise acquired call options on the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive, and all Persons (including, as to all such Persons, their beneficiaries) who sold or otherwise disposed of put options on the common stock of Virgin Mobile between October 10, 2007 and March 12, 2008, inclusive (including, as to all such Persons, their beneficiaries). Excluded from the Class are the Defendants; any officers or directors of Virgin Mobile during the Class Period and any current officers or directors of Virgin Mobile; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Daniel H. Schulman, John D. Feehan, Jr., Frances Brandon-Farrow, Mark Poole, Robert Samuelson, and Douglas B. Lynn and their successors, heirs, assigns, and legal representatives. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and

Proposed Settlement of Class Action.

3. The Court has determined preliminarily and for the purpose of settlement only that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the Class; and (d) Lead Plaintiffs will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether Virgin Mobile's Registration Statement, which incorporates and includes the Prospectus, issued in connection with the October 10, 2007 IPO, contained untrue or misleading statements as alleged by Lead Plaintiffs. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. The Settlement Fairness Hearing shall be held before this Court on December 8, 2010, at 11:00 a.m., at the Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut St., Courtroom 5C, Newark, NJ 07101, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; whether a Judgment as provided in the Stipulation and its Exhibit B, which, *inter alia,* dismisses the Action with prejudice as to all Defendants and contains releases, should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the reasonable time, costs, and expenses, if any, that should be awarded to Lead Plaintiffs; and to determine the amount of reasonable fees, time, costs, expenses, if any, that should be awarded to Lead Counsel.

The Court may adjourn the Settlement Fairness Hearing without further notice to Class Members.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice for publication, included respectively as Exhibits A-1, A-2, and A-3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation, or awarded attorneys' fees and expenses or Lead Plaintiffs' time and expenses.

7. The Court appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 14 days after entry of this order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than 21 days after the issuance of this Order, Lead Counsel shall cause the Summary Notice to be published in the *Investor's Business Daily* and once online

over the PR Newswire, and not later than 21 days after the issuance of this Order, Lead Counsel shall place a copy of the Complaint and the Stipulation (including Exhibits) on the website of Lead Counsel or a website maintained by Lead Counsel; and

    (c) By November 5, 2010, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described in ¶7 (a-b) above.

  8. Nominees who purchased or otherwise acquired Virgin Mobile common stock or call options or who sold Virgin Mobile put options for the benefit of any Class Member(s) between October 10, 2007, and March 12, 2008, inclusive, shall send the Notice and the Claim Form to all such Class Members within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Claim Form to such beneficiaries. Lead Counsel shall, if requested, reimburse, out of the Class Notice and Administration Fund, banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

  9. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

  10. Class Members who wish to participate in the Settlement shall complete and submit a Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim forms must be postmarked no later than December 31, 2010. Any Class Member who does not timely submit a Claim Form within the time provided for shall be

barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

11. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

12. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why reimbursement for time and expenses should or should not be awarded to Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, or expenses approved for payment to Lead Plaintiffs, unless that Class Member or that Person has delivered by hand or sent by first class mail written objection(s) to be received on or before Monday November 15, 2010 to: the Court; Kahn Swick & Foti, LLC on behalf of Lead Plaintiffs; and Counsel for the Defendants, at the following addresses:

**COURT:**

Clerk of the Court
Martin Luther King, Jr. Federal Building and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

**FOR LEAD PLAINTIFFS:**

Lewis S. Kahn
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447
*Lead Counsel for Lead Plaintiffs and the Class*

**FOR DEFENDANTS:**

James Gamble
Linda H. Martin
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*Counsel for Defendants Virgin Mobile USA, Inc.,
Daniel H. Schulman, John D. Feehan, Jr.,
Frances Brandon-Farrow, Mark Poole,
Robert Samuelson, and Corvina Holdings Limited*

14. Any Class Member who does not make a written objection in the manner provided and/or appear in person or through a representative at the Settlement Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, or to the award of time and expenses to Lead Plaintiffs, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation.

16. No Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, Lead Plaintiffs or counsel for any Class Member, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Fairness Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, including reimbursement for time and expenses proposed to be paid to Lead Plaintiffs, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund pursuant to ¶2.10 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any Released Person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss.

20. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In

such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

21. The Court reserves the right to continue the Settlement Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Should the Court continue the Settlement Fairness Hearing, such a continuance will be reflected in the Court's calendar and accessible via the Court's website. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22. Pending the Settlement Fairness Hearing, all Class Members are enjoined from initiating or prosecuting any actions or claims against any Released Person that are within the scope of the Releases provided for by the Stipulation.

23. The following schedule of dates shall govern resolution of this Settlement:

| | |
|---|---|
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Lead Counsel for attorneys' fees or reimbursement of expenses, and (iv) the application for Lead Plaintiffs' reimbursement of time and expenses (collectively, such filings as to (i) to (iv), the "Applications"); Deadline for Lead Counsel to file affidavit of notice mailing and publication | November 5, 2010 |
| Deadline for submitting requests to be excluded from the Class and/or objections | November 15, 2010 |
| Deadline for filing an opposition to any of the Applications | November 15, 2010 |
| Deadline for Lead Counsel and/or counsel for Defendants to file all papers responding to any objection filed and/or any opposition to the Applications | November 22, 2010 |

| Date of Settlement Fairness Hearing | December 8, 2010, 11:00 a.m. |
|---|---|
| Deadline for Class Members' submission of Proof of Claim and Release forms | December 31, 2010 |

DATED: August 19, 2010

THE HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE